IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| BARRICK RESOURCES (USA), INC., and SUBSIDIARIES,<br><br>       Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | **MEMORANDUM OPINION AND ORDER**<br><br><br>Case No. 2:03-CV-01006<br><br>Judge Dee Benson |

Plaintiffs Barrick Resources (USA) Inc. and Subsidiaries (collectively "Barrick") have

filed the present action against the United States, seeking a tax refund based on amended tax

returns filed in 2002 and 2003. Before the Court is Barrick's Motion for Summary Judgment on

all claims and the United States' Motion for Summary Judgment on all claims. The Court issues

the following Memorandum Opinion and Order.

## BACKGROUND

The essential facts involved in this case are undisputed. On September 12, 2001, Barrick

timely filed an amended tax return for the tax year 1997 in which it carried back its net operating

loss from 1997 to the tax years 1994 and 1995 pursuant to 26 U.S.C. § 172(b)(1)(A)(i). *See*

Barrick's Reply to U.S.' Supp. Mem., ¶ 5. In the space provided for "Explanation of Changes"

in Barrick's amended returns for 1994 and 1995, Barrick stated, "See below the Schedule of Net

Operating Loss Carryback." This was followed by a detailed chart describing the proposed

changes. *See* Declaration of Justin Kim, Exhibit 1 at 3, and Exhibit 2 at 2, attached hereto as

Exhibit A. Barrick did not mention reclamation costs in either the explanation of changes or the

attached schedule detailing the net operating loss carryback. Barrick admitted "[it] does not

dispute that these 2001 refund claims only referenced a 'net operating loss carryback' and made

no reference to 'reclamation' losses or deductions." *See* Barrick's Reply to U.S.'s Supp. Mem., ¶

5.  Barrick, however, reported $1,077,310 as a "Reclamation & Closure" expense, a line-item

appearing under the "Other Costs" section of its Schedule A expenses, which contributed to the

amount entered on Line 2 of its Form 1120 Amendment. *See* Barrick's Reply to U.S.'s Supp.

Mem., Exhibit 1.

On September 13, 2002, Barrick filed another set of amended tax returns for 1994 and

1995 seeking to reclassify portions of the 1997 and 1998 net operating losses that had previously

been carried back to 1994 and 1995, and to carry them back to the tax years 1991 and 1992,

despite the fact that the statute of limitations for requesting refunds from 1997 had run. *Id.*, at ¶

5.  In the space provided for "Explanation of Changes" in the newly amended returns for 1994

and 1995, Barrick stated, "1997 Reclamation Loss Carryback (See Statement 1 &2)." *See*

Declaration of Justin Kim, Exhibit 3 at 2, and Exhibit 4 at 2, attached hereto as Exhibit B.  The

statements referenced in the parentheses each stated, "NOTE: Reclamation Loss is entitled to a

10-year carryback under section 172(b)(1)(C)." *See* Declaration of Justin Kim, Exhibit 3 at 3,

and Exhibit 4 at 3, attached hereto as Exhibit C.  Barrick also filed amended tax returns for 1991

and 1992 reflecting the claimed reclamation losses and requesting refunds in the amount of

$26,754 and $188,709 for the carryback of the 1997 net operating loss to 1991 and 1992

respectively; and $964,718 for the carryback of the 1998 net operating loss to 1992.  *See*

Barrick's Reply to the U.S.'s Supp. Mem., ¶ 7.

On December 4, 2002, the IRS refunded $26,754 and $1,153,427  (the sum of $188,709

and $964,718) to Barrick for its amended 1991 and 1992 claims, respectively.  *See* Def. Mem. in

Supp. of Mot. for Summ. Judg., at 2, ¶ 9.  On December 18, 2002, however, the IRS provided

Barrick with a Revenue Agent's Report  which stated, "The 10 year carryback 1120X claim to

years 1991 and 1992 filed on 9/13/02 was not recognized by the Ogden Service Center as part of a Joint Committee reportable amount.  It refunded the claimed amounts on 12/2/02 in error." *See Id.,* at Exhibit H, attached hereto as Exhibit D.

On May 3, 2003, Barrick filed a correction to its September 13, 2002 amended return for 1991 in which it sought to apply the reclamation costs from the tax years 1997 and 1998 to reduce its tax liability for 1991.  *See* Def. Mem. in Supp. of Mot. for Summ. Judg., at 2, ¶ 10. Based on the correction, Barrick requested a refund of $1,120,411, plus interest.  *See* Pl.  Mem. in Supp. of Mot. for Summ. Judg., at 6, ¶ 14.  The IRS rejected Barrick's claim on the grounds that it was untimely.

On November 17, 2003, Barrick filed suit to recover the refund it claimed in its 2003 amendment.  Both the United States and Barrick filed motions for summary judgment on July 30, 2004.  The Court heard oral argument on the cross-motions for summary judgment on November 3, 2004.  Before the Court issued an order on the cross-motions for summary judgment, the United States filed suit against Barrick seeking to recover the amounts it erroneously refunded to Barrick for the tax years 1991 and 1992 based on the carryback of the 1997 reclamation loss.  On December 10, 2004, Barrick filed a motion to consolidate the cases because they arose from the same facts and hinged on the question of whether the September 13, 2002, amended returns were timely filed.  *See* Pl. Mot. to Consolidate, at 2, ¶ e.  On January 11, 2005, the Court ordered that the cases be consolidated.  Barrick then filed a motion for summary judgment on November 17, 2005, and the United States filed a cross-motion for summary judgment on January 18, 2006.  On June 9, 2006, the Court met with counsel for both Barrick and the United States and requested supplemental briefing.

The Court now issues the following Memorandum Order and Opinion DENYING

Barrick's motion for summary judgment and GRANTING the United States' motion for summary judgment.

## ANALYSIS

Summary judgment is appropriate when the movant demonstrates there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980). The Court considers the factual record and all reasonable inferences that may be drawn from it in the light most favorable to the party opposing summary judgment. *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005).

The pivotal issue in this case is whether Barrick's September 13, 2002 filing, which it filed after the statute of limitations for filing an amendment to its 1997 tax return had expired, constituted an amendment of its timely filed September 2001 amendment or whether it constituted a new claim. The Supreme Court addressed the boundaries of tax amendments that are permissible after the statute of limitations has run in *U.S. v. Andrews*, 302 U.S. 517, 524 (1938). In *Andrews*, the petitioner filed a request for a refund after the statutory time period for filing refund claims had expired. *Id.*, at 519. The petitioner stated that it was filing 'an amendment and amplification of claim for refund' and asserted that a sum previously reported as a dividend was instead proceeds from a sale of stock. *Id.* The error resulted in overpayment of $6,454.09. *Id.* The Court began its analysis by describing when an untimely amendment would be permissible. It stated:

> Where a claim which the Commissioner could have rejected as too general, and as omitting to specify the matters needing investigation, has not misled him but has been the basis of an investigation which disclosed facts necessary to his action in making a refund, an amendment which merely makes more definite the matters already within his knowledge, or which, in the course of his investigation, he would naturally have ascertained, is permissible. On the other hand, a claim

4

> which demands relief upon one asserted fact situation, and asks an investigation
> of the elements appropriate to the requested relief, cannot be amended to discard
> that basis and invoke action requiring examination of other matters not germane
> to the first claim.

*Id.*, at 524.  The Court then ruled that the amendment at issue was untimely because it bore no

relation to the original claim:

> While matters were in this posture, and after the period of limitation had expired,
> the respondent presented a so-called amendment of her claim having no relation
> whatever to the items set forth in the original claim but dealing with a wholly
> distinct item of $36,750 reported as dividends received and asking that it be
> eliminated from that category and that the transaction be reclassified as capital
> gain upon a basis which would result in a reduction of tax by some $6,000.

*Id.*, at 525.  The Court concluded, "There is no finding that, prior to the attempted amendment,

the Commissioner knew the respondent was a stockholder of the Hanna Company or, if he did,

that his attention was called to the fact that the reported receipt of dividends had a reference to

what the taxpayer received in respect of preferred stock of that company." *Id.*, at 526.

   More recently, the Tenth Circuit has addressed the scope of matters which may be

properly amended after the statute of limitations has run.  In a case involving an untimely

amendment seeking to alter the depletion rate for limestone and clay, the Tenth Circuit stated,

"The test applied to determine whether a new ground of recovery may be introduced after the

statute has run by amending a pending claim filed in time depends upon the facts which an

investigation of the original claim would disclose." *U.S. v. Ideal Basic Industries, Inc.*, 404 F.2d

122, 124 (10th Cir. 1969).  "Where the facts upon which the amendment is based would

necessarily have been ascertained by the commissioner in determining the merits of the original

claim, the amendment is proper." *Id.*  In *Ideal Basic*, the Court ruled, "When the initial claim

was filed it was incumbent upon the commissioner to identify the minerals upon which depletion

was claimed.  The findings clearly indicated the identity of the minerals as limestone and clay,

entitled to the 15% depletion rate.  Therefore, the commissioner could not have been misled."
*Id.*, at 125.  Because the minerals entitled to the depletion rate by statute were clearly identified
in the original claim, the amendment was proper.

Unlike the minerals in *Ideal Basic*, the reclamation expense Barrick seeks to carry back in
its 2002 amendment was not clearly identified in its original tax claim or its timely filed 2001
amendment.  In the 2001 amendment, Barrick sought to carry back a net operating loss, not a
reclamation expense, from 1997 to the tax years 1994 and 1995.  Barrick plainly stated in the
space provided for an explanation of the amendment that the amendment arose from a carryback
of the net operating loss.  It made no mention of reclamation losses.  Barrick also attached
spreadsheets detailing the net operating losses for 1997 and 1998 with its amendments and
explanations.  These spreadsheets also failed to mention any reclamation losses.  On its face,
Barrick's 2001 amendment does not contain facts pertaining to reclamation costs that the tax
commission would have necessarily ascertained in determining the merits of Barrick's
amendment.

Barrick's 2002 filing only highlights the disparity between the facts it brought to the
commission's attention in 2001 and those it sought to add in 2002.  In contrast to its 2001
amendment, Barrick plainly stated in its 2002 amendment that the amendment was based on a
reclamation loss carryback.  Whereas the 2002 filing necessarily alerted the commission to a
reclamation loss carryback, the 2001 amendment only informed the commission of a net
operating loss.

Barrick argues that its 2001 amendment did set forth facts detailing the reclamation loss
in the line-items of its "other costs," which fall under Schedule A and are deducted to reach net
income.  Barrick argues that the commission would have been required to analyze this line-item

to determine the validity of the net operating loss carry back.  This argument is unpersuasive because it was not necessary for the commission to examine the tax ramifications of every line-item included in a net operating loss to determine whether the loss carryback was proper.  Such a requirement would place an undue burden on the tax commission.  It is the taxpayer's, not the tax commission's, burden to set forth the basis for recovery.  The Tenth Circuit described this burden in *Angle v. U.S.*, 996 F.2d 252 (10th Cir. 1993).  *Angle* involved an untimely amendment to a tax return which reduced the petitioner's minimum tax by reducing its intangible drilling costs.  *Id.*, at 253.  The Tenth Circuit stated, "The Supreme Court and this court have repeatedly held that in a suit for a refund, a taxpayer may not rely on any ground for recovery that has not been set forth in a timely refund claim filed with the IRS."  *Id.*, at 254 (citations omitted).  It continued, "The purpose of such a requirement ... is to provide the IRS with adequate information to consider and dispose of claims without the need for litigation, and thus to avoid surprises."  *Id.*  In applying its reasoning to the petitioner's proposed amendment, the Tenth Circuit stated, "Neither proposition is akin to discovering a mathematical error in the earlier refund claim.  Nor are these arguments obviously and necessarily correct as a matter of law.  Rather, they involve theories different from any that taxpayer put forward in the timely filed claims."  *Id.*

Like *Angle*, Barrick's 2002 amendment is not akin to discovering a mathematical error.  Rather, it sets forth an entirely new theory of recovery, namely a reclamation loss rather than net operating loss.  Net operating losses and reclamation losses are treated differently.  While net operating losses are required to be carried back 3 years, reclamation losses are required to be carried back 10 years.  *See* 26 U.S.C. § 172(b)(1)(A)(i) and (b)(1)(C).  This disparate treatment in the tax code underscores the fact that net operating losses and reclamation losses are distinct theories of recovery that need to be set forth separately.

It was Barrick's duty to set forth facts in the 2001 amendment that would necessarily have alerted the tax commission to the reclamation expense. This it did not do. As a consequence, Barrick's 2002 amendment fails to meet the requirements for an untimely amendment. Similarly, Barrick's 2003 filing, which amended the improper 2002 amendment, also fails to meet the requirements for a proper filing.

## CONCLUSION

For these reasons, the Court DENIES Barrick's motion for summary judgment and GRANTS the United States' motion for summary judgment.

IT IS SO ORDERED.

DATED this 30th day of October 2006.

Dee Benson
United States District Judge

**Part II** Explanation of Changes to Items in Part I (Enter the line number from Page 1 for the items you changing, and give the reason for each change. Show any computation in detail. Attach additional she if necessary. Also, see What To Attach on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here . . . . . . . . . . . . . . . . . . . . . . ▶

A

**Part II** Explanations of Changes

See below the Schedule of Net Operating Loss Carryback from 1997 to 1994

| | Regular | | AMT | |
|---|---|---|---|---|
| | As Filed | As Amended | As Filed | As Amended |
| | Prior amended for 1996 Carryback | | Prior amended for 1996 Carryback | |
| Taxable income before NOL | 6,235,283 | 6,235,283 | 9,271,619 | 9,271,619 |
| Net Operating Loss | (6,235,283) | (6,235,283) | (1,514,648) | (8,344,457) |
| Taxable Income | 0 | 0 | 7,756,971 | 927,162 |
| Rate | 34% | 34% | 20% | 20% |
| Income Tax | 0 | 0 | 0 | 0 |
| Alternative minimum Tax (Utilized) | | | 1,551,394 | 185,432 |
| Environmental Tax | | | 8,726 | 8,726 |
| Total Tax | | | 1,560,120 | 194,158 |

Exhibit 1 to Kim Declaration
3 of 15

**Part II**   Explanation of Changes to Items in Part I (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Attach additional sheets if necessary. Also, see What To Attach on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see Carryback Claims on page 3, and check here . . . . . . . . . . . . . . . . . . . . ▶ ☒

Part II  Explanations of Changes

See below the Schedule of Net Operating Loss Carryback from 1997 to 1995

| | Regular | | AMT | |
| --- | --- | --- | --- | --- |
| | As Filed Prior amended for 1996 Carryback | As Amended | As Filed Prior amended for 1996 Carryback | As Amended |
| Taxable income before NOL | 4,871,178 | 4,871,178 | 5,543,729 | 5,543,729 |
| Net Operating Loss | (2,163,388) | (4,871,178) | 0 | (4,989,356) |
| Taxable Income | 2,707,790 | 0 | 5,543,729 | 554,373 |
| Rate | 34% | 34% | 20% | 20% |
| Income Tax | 920,649 | 0 | 920,649 | 0 |
| Alternative minimum Tax (Utilized) | | 0 | 188,097 | 110,875 |
| Environmental Tax | | 4,252 | 4,252 | 4,252 |
| Total Tax | | 4,252 | 1,112,998 | 115,127 |

Exhibit 2 to Kim Declaration
2 of 14

Form 1120X (Rev. 4-94)                                                                                           Page **2**

| Part II | Explanation of Changes to Income, Deductions, Credits, etc. Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Attach additional sheets if necessary. |

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see
Carryback Claims on page 3, and check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☒

1997 RECLAMATION LOSS CARRYBACK (SEE STATEMENT 1&2)

B

Exhibit 3 of Kim Declaration
2 of 17

STF FED42HBF.2

Page **2**

Form 1120X (Rev. 4-94)

| Part II | Explanation of Changes to Income, Deductions, Credits, etc. Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Attach additional sheets if necessary. |

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see Carryback Claims on page 3, and check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ► ☒


1997 AND 1998 RECLAMATION LOSS CARRYBACK (SEE STATEMENT 1&2)

Exhibit 4 of Kim Declaration
2 of 13

STF FED4298F.2

BARRICK RESOURCES (USA) INC. & SUBSIDARIES          Personal Privacy
FORM 1120X, RECLAMATION LOSS CARRYBACK DETAIL
FOR THE YEAR ENDED:DECEMBER 31, 1991

| | Regular | | AMT | | Refund |
|---|---|---|---|---|---|
| | As Filed | As Amended | As Filed | As Amended | |
| Taxable Income before NOL | 9,835,989 | 9,835,989 | 11,048,803 | 11,048,803 | |
| Net Operating Loss | 20,386,032 | 20,386,032 | 9,811,052 | 9,944,823 | |
| Taxable Income | (10,550,043) | (10,550,043) | 1,236,751 | 1,104,980 | |
| Rate | 34% | 34% | 20% | 20% | |
| Income Tax | | | | | |
| Alternative Minimum Tax (Utilized) | | | 247,750 | 220,996 | |
| Environmental Tax | | | 10,902 | 10,902 | |
| Total Tax | | | 258,652 | 231,898 | 26,754 |

NOTE:      Reclamation Loss is entitled to a 10-year carryback under section 172(b)(1)(C)

C

Exhibit 3 of Kim Declaration
3 of 17

**BARRICK RESOURCES (USA) INC. & SUBSIDIARIES**
**FORM 1120X, RECLAMATION LOSS CARRYBACK DETAIL**
**FOR THE YEAR ENDED: DECEMBER 31, 1992**

 Personal Privacy

|  | Regular | | AMT | | Refund |
|---|---|---|---|---|---|
|  | As Filed | As Amended | As Filed | As Amended |  |
| Taxable Income before NOL | 5,740,623 | 5,740,623 | 6,407,930 | 6,407,930 |  |
| Net Operating Loss | 10,550,043 | 10,550,043 | - | 5,767,137 |  |
| Taxable Income | (4,809,420) | (4,809,420) | 6,407,930 | 640,793 |  |
| Rate | 34% | 34% | 20% | 20% |  |
| Income Tax |  |  |  |  |  |
| Alternative Minimum Tax (Utilized) |  |  | 1,281,586 | 128,159 |  |
| Environmental Tax |  |  | 5,290 | 5,290 |  |
| Total Tax |  |  | 1,286,876 | 133,449 | 1,153,427 |

NOTE:    Reclamation Loss is entitled to a 10-year carryback under section 172(b)(1)(C)

| Name of Taxpayer: | Barrick Resources (USA) Inc. and subs. |
| Identification Number: | 51-0258659 |

Form 870  page 2                                    Instructions

## General Information

If you consent to the assessment of the deficiencies shown in this waiver, please sign and return the form in order to limit any interest charge and expedite the adjustment to your account. Your consent will not prevent you from filing a claim for refund *(after you have paid the tax)* if you later believe you are so entitled. It will not prevent us from later determining, if necessary, that you owe additional tax; nor extend the time provided by law for either action.

We have agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the required State form.

If you later file a claim and the Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

We will consider this waiver a valid claim for refund or credit of any overpayment due you resulting from any decrease in tax and penalties shown above, provided you sign and file it within the period established by law for making such a claim.

## Who Must Sign

If you filed jointly, both you and your spouse must sign. If this waiver is for a corporation, it should be signed with the corporation name, followed by the signatures and titles of the corporate officers authorized to sign. An attorney or agent may sign this waiver provided such action is specifically authorized by a power of attorney which, if not previously filed, must accompany this form.

If this waiver is signed by a person acting in a fiduciary capacity *(for example, an* executor, *administrator, or a trustee)* Form 56, Notice Concerning Fiduciary Relationship, should, unless previously filed, accompany this form.

This waiver of restrictions on assessment and collection is to take effect as a waiver of restrictions on the earlier of the date that expires 30 days after receipt by the Joint Committee on Taxation of a request for expeditious processing of any refunds due if, during the 30 day period, the Joint Committee on Taxation does not object in writing to the expeditious processing of such refunds or the date the Joint Committee on Taxation completes its review of the of the report submitted under Section 6405 of the Code without objection.



| Form 4549-A<br>(Rev. 9-2001) | Department of the Treasury – Internal Revenue Service<br>Income Tax Examination Changes | | Page _____ of _____ |
|---|---|---|---|
| **Name and Address of Taxpayer**<br><br>Barrick Resources (USA) Inc. & Subs<br>P.O. Box 29<br>Elko, NV. 89803 | **Taxpayer Identification Number**<br>51-0258659 | | **Return Form No.**<br>1120 |
| | Person with<br>whom examination<br>changes were<br>discussed | Name and Title | |

| | Year: 12/1995 | Year: 12/1997 | Year: 12/1998 |
|---|---|---|---|
| **1. Adjustments to Income** | | | |
|    a. Per RAR – Form 4549-B's | -26,251,310 | -8,332,387 | 13,864,215 |
| **2. Total Adjustments** | -26,251,310 | -8,332,387 | 13,864,215 |
| **3. Taxable Income Per Return**<br>or as Previously Adjusted | 2,707,790 | -22,987,558 | -38,626,039 |
| **4. Corrected Taxable Income** | -23,543,520 | -31,319,945 | -24,761,824 |
|     Tax Method<br>    Filing Status<br>**5. Tax**<br>**6. Alternative Taxes, If Applicable**<br>**7. Alternative Minimum Tax (Starting 2000)** | 0<br><br>N/A | 0<br><br>N/A | 0<br><br>N/A |
| **8. Corrected Tax Liability** | 0 | 0 | 0 |
| **9. Less Credits:**<br>  a. Foreign Tax Credit<br>  b. Other Subpart B Credits<br>  c. General Business Credit<br>  d. Minimum Tax Credit/Academy Bond | 0<br>0<br>0<br>0 | 0<br>0<br>0<br>0 | 0<br>0<br>0<br>0 |
| **10. Balance (Line 8 less total of 9a-9d)** | 0 | 0 | 0 |
| **11. Plus Other Taxes:**<br>  a. Misc. Tax/Recapture<br>  b. Alternative Minimum Tax (Before 2000)<br>  c. Environmental Tax<br>  d. Other Taxes | 0<br>110,875<br>4,252<br>N/A | 0<br>0<br>N/A<br>N/A | 0<br>0<br>N/A<br>N/A |
| **12. Total Corrected Income Tax Liability**<br>   (Line 10 plus Lines 11a-11d) | 115,127 | 0 | 0 |
| **13. Total Tax On Return or as Prev. Adjusted**<br>**14. Adjustments to:**<br>  a.<br>  b.<br>  c.<br>  d. | 1,112,998<br><br>0<br>0<br>0<br>0 | 0<br><br>0<br>0<br>0<br>0 | 0<br><br>0<br>0<br>0<br>0 |
| **15. Deficiency - Increase in Tax or**<br>  (Overassessment - Decrease in Tax)<br>  (Line 12 less Lines 13 & 14a-14d) | -997,871 | 0 | 0 |
| **16. Adjust. to Prepay. Credits - incr (decr)** | 0 | 0 | 0 |
| **17. Balance Due or (Overpayment)**<br>  (Line 15 less Line 16)<br>  Excluding interest and penalties | -997,871 | 0 | 0 |

CG Form 4549-A (Rev. 9-2001)              Cat. No 23110T              www.irs.gov

| Form 4549-A<br>(Rev. 9-2001) | Department of the Treasury - Internal Revenue Service<br>Income Tax Examination Changes | Page _____ of ____ |
| --- | --- | --- |

| Name of Taxpayer<br>Barrick Resources (USA) Inc. & Subs | Taxpayer Identification Number<br>51-0258659 | Return Form No.<br>1120 |
| --- | --- | --- |

| 18.   Penalties    Code Section | Year: 12/1995 | Year: 12/1997 | Year: 12/1998 |
| --- | --- | --- | --- |
| a. | 0 | 0 | 0 |
| b. | 0 | 0 | 0 |
| c. | 0 | 0 | 0 |
| d. | 0 | 0 | 0 |
| e. | 0 | 0 | 0 |
| f. | 0 | 0 | 0 |
| g. | 0 | 0 | 0 |
| h. | 0 | 0 | 0 |
| i. | 0 | 0 | 0 |
| j. | 0 | 0 | 0 |
| k. | 0 | 0 | 0 |
| l. | 0 | 0 | 0 |
| m. | 0 | 0 | 0 |
| **19. Total Penalties** | 0 | 0 | 0 |
| Underpayment attributable to negligence:<br>(1981-1987) A tax addition of 50 percent<br>of the interest due on underpayment will<br>accrue until paid or assessed. | 0 | 0 | 0 |
| Underpayment attributable to fraud:<br>(1981-1987) A tax addition of 50 percent<br>of the interest due on underpayment will<br>accrue until paid or assessed. | 0 | 0 | 0 |
| Underpayment attributable to Tax Motivated<br>Transactions (TMT). The interest will<br>accrue and be assessed at 120% of<br>underpayment rate in accordance with<br>IRC Sec. 6621(c) | 0 | 0 | 0 |
| 20. Summary of Taxes Penalties and Interest: | | | |
| a. Balance Due/(Overpayment)  (Line 17) | -997,871 | 0 | 0 |
| b. Penalties (Line 19) computed to | 0 | 0 | 0 |
| c. Interest (IRC 6601) computed to | 0 | 0 | 0 |
| d. TMT Interest computed to<br>   on TMT Underpayment | 0 | 0 | 0 |
| e. Amount due (refund) - (sum of Lines a-d) | -997,871 | 0 | 0 |

Other Information: The 10 year carryback 1120X claim to years 1991 and 1992 filed on
9/13/02 was not recognized by the Ogden Service Center as part of a Joint Committee reportable
amount. It refunded the claimed amounts on 12/2/02 in error. The overassessment amounts shown
on this report for 1991 & 1992 are due to computational return errors and not refundable as
they exceed the claim amounts and all limitation statutes have expired. Tax per return has
been reduced by the claim refund amounts.

| Examiner's Signature | | | |
| --- | --- | --- | --- |
| Name: Floyd L. Kreitz | 85-00695<br>Employee ID | Phoenix, AZ<br>Office | Date |

The Internal Revenue Service has agreements with state tax agencies under which information
about federal tax, including increases or decreases, is shared with the states.  If this change
affects the amount of your state income tax, you should amend your state return by filing the
necessary forms.

You may be subject to backup withholding if you don't report all of the interest, dividend, or
patronage dividend income you earned and if you don't pay the required tax.  Once the tax has
been assessed, you will be issued four notices over a 120-day period.  If you don't pay the
assessed tax, the IRS may require the payers to withhold a percentage of your dividend and/or
interest payments.

CG Form 4549-A (Rev. 9-2001)                    Cat. No. 23110T                    www.irs.gov

| Form 4549-A<br>(Rev. 9-2001) | Department of the Treasury - Internal Revenue Service<br>Income Tax Examination Changes | | Page _____ of _____ |
|---|---|---|---|
| Name and Address of Taxpayer<br><br>Barrick Resources (USA) Inc. & Subs<br>P.O. Box 29<br>Elko, NV. 89803 | Taxpayer Identification Number<br>51-0258659 | | Return Form No.<br>1120 |
| | Person with<br>whom examination<br>changes were<br>discussed | Name and Title | |

| | Year: 12/1991 | Year: 12/1992 | Year: 12/1994 |
|---|---|---|---|
| 1. Adjustments to Income | | | |
|    a. Per RAR - Form 4549-B's | -11,394,167 | -11,544,720 | -34,649,981 |
| 2. Total Adjustments | -11,394,167 | -11,544,720 | -34,649,981 |
| 3. Taxable Income Per Return<br>   or as Previously Adjusted | -10,550,043 | -4,809,420 | 6,235,283 |
| 4. Corrected Taxable Income | -21,944,210 | -16,354,140 | -28,414,698 |
|      Tax Method<br>     Filing Status<br>5. Tax<br>6. Alternative Taxes, If Applicable<br>7. Alternative Minimum Tax (Starting 2000) | 0<br><br>N/A | 0<br><br>N/A | 0<br><br>N/A |
| 8. Corrected Tax Liability | 0 | 0 | 0 |
| 9. Less Credits:<br>  a. Foreign Tax Credit<br>  b. Other Subpart B Credits<br>  c. General Business Credit<br>  d. Minimum Tax Credit/Academy Bond | 0<br>0<br>0<br>0 | 0<br>0<br>0<br>0 | 0<br>0<br>0<br>0 |
| 10. Balance (Line 8 less total of 9a-9d) | 0 | 0 | 0 |
| 11. Plus Other Taxes:<br>  a. Misc. Tax/Recapture<br>  b. Alternative Minimum Tax (Before 2000)<br>  c. Environmental Tax<br>  d. Other Taxes | 0<br>220,294<br>10,818<br>N/A | 0<br>125,746<br>5,145<br>N/A | 0<br>185,432<br>8,726<br>N/A |
| 12. Total Corrected Income Tax Liability<br>     (Line 10 plus Lines 11a-11d) | 231,112 | 130,891 | 194,158 |
| 13. Total Tax On Return or as Prev. Adjusted<br>14. Adjustments to:<br>  a.<br>  b.<br>  c.<br>  d. | 231,898<br><br>0<br>0<br>0<br>0 | 133,449<br><br>0<br>0<br>0<br>0 | 1,560,120<br><br>0<br>0<br>0<br>0 |
| 15. Deficiency - Increase in Tax or<br>   (Overassessment - Decrease in Tax)<br>   (Line 12 less Lines 13 & 14a-14d) | -786 | -2,558 | -1,365,962 |
| 16. Adjust. to Prepay. Credits - incr (decr) | 0 | 0 | 0 |
| 17. Balance Due or (Overpayment)<br>   (Line 15 less Line 16)<br>   Excluding interest and penalties | -786 | -2,558 | -1,365,962 |

CG Form 4549-A (Rev. 9-2001)       Cat. No 23110T       www.irs.gov

| Form 4549-A<br>(Rev. 9-2001) | Department of the Treasury – Internal Revenue Service<br>Income Tax Examination Changes | | Page _____ of _____ |
|---|---|---|---|
| Name of Taxpayer<br>Barrick Resources (USA) Inc. & Subs | Taxpayer Identification Number<br>51-0258659 | | Return Form No.<br>1120 |

| 18.  Penalties      Code Section | Year: 12/1991 | Year: 12/1992 | Year: 12/1994 |
|---|---|---|---|
| a. | 0 | 0 | 0 |
| b. | 0 | 0 | 0 |
| c. | 0 | 0 | 0 |
| d. | 0 | 0 | 0 |
| e. | 0 | 0 | 0 |
| f. | 0 | 0 | 0 |
| g. | 0 | 0 | 0 |
| h. | 0 | 0 | 0 |
| i. | 0 | 0 | 0 |
| j. | 0 | 0 | 0 |
| k. | 0 | 0 | 0 |
| l. | 0 | 0 | 0 |
| m. | 0 | 0 | 0 |
| 19.  Total Penalties | 0 | 0 | 0 |
| Underpayment attributable to negligence:<br>(1981-1987) A tax addition of 50 percent<br>of the interest due on underpayment will<br>accrue until paid or assessed. | 0 | 0 | 0 |
| Underpayment attributable to fraud:<br>(1981-1987) A tax addition of 50 percent<br>of the interest due on underpayment will<br>accrue until paid or assessed. | 0 | 0 | 0 |
| Underpayment attributable to Tax Motivated<br>Transactions (TMT). The interest will<br>accrue and be assessed at 120% of<br>underpayment rate in accordance with<br>IRC Sec. 6621(c) | 0 | 0 | 0 |
| 20. Summary of Taxes Penalties and Interest: | | | |
| a. Balance Due/(Overpayment)  (Line 17) | -786 | -2,558 | -1,365,962 |
| b. Penalties (Line 19) computed to | 0 | 0 | 0 |
| c. Interest (IRC 6601) computed to | 0 | 0 | 0 |
| d. TMT Interest computed to<br>   on TMT Underpayment | 0 | 0 | 0 |
| e. Amount due (refund) – (sum of Lines a-d) | -786 | -2,558 | -1,365,962 |

Other Information: The 10 year carryback 1120X claim to years 1991 and 1992 filed on
9/13/02 was not recognized by the Ogden Service Center as part of a Joint Committee reportable
amount. It refunded the claimed amounts on 12/2/02 in error. The overassessment amounts shown
on this report for 1991 & 1992 are due to computational return errors and not refundable as
they exceed the claim amounts and all limitation statutes have expired. Tax per return has
been reduced by the claim refund amounts.

| Examiner's Signature | | | | |
|---|---|---|---|---|
| Name: Floyd L. Kreitz | 85-00695<br>Employee ID | Phoenix, AZ<br>Office | | Date |

The Internal Revenue Service has agreements with state tax agencies under which information
about federal tax, including increases or decreases, is shared with the states.  If this change
affects the amount of your state income tax, you should amend your state return by filing the
necessary forms.
You may be subject to backup withholding if you don't report all of the interest, dividend, or
patronage dividend income you earned and if you don't pay the required tax.  Once the tax has
been assessed, you will be issued four notices over a 120-day period.  If you don't pay the
assessed tax, the IRS may require the payers to withhold a percentage of your dividend and/or
interest payments.

CG Form 4549-A (Rev. 9-2001)              Cat. No. 23110T                    www.irs.gov

| Substitute For | Department of the Treasury - Internal Revenue Service |
|---|---|
| Form 4549-B | Income Tax Examination Changes |

| Name and Address of Taxpayer | Soc. Sec. or Employer Ident. Number |
|---|---|
| Barrick Resources (USA) Inc. & Subs<br>P.O. Box 29<br>Elko, NV.  89803 | 51-0258659 |

| Adjustments to Income - Increase (Decr) | Year: 12/1991 | Year: 12/1992 | Year: 12/1994 |
|---|---|---|---|
| CALC04    NOL Deduction Decrease <Increase> | -11,359,042 | -11,429,374 | -34,649,981 |
| CALC02    Contributions Deduction Decr <Incr> | 35,207 | 0 | 0 |
| CALC01    Capital Gain Net Income Incr <Decr> | -70,332 | -115,284 | 0 |
| FLK001    Reclamation Expense | 0 | 0 | 0 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Total Adjustments This Page | -11,394,167 | -11,544,658 | -34,649,981 |
| Income Adjustments Including Previous Page(s) | -11,394,167 | -11,544,658 | -34,649,981 |

Form CG-4549-B

| Substitute For | Department of the Treasury - Internal Revenue Service |
|---|---|
| Form 4549-B | Income Tax Examination Changes |

| Name and Address of Taxpayer | Soc. Sec. or Employer Ident. Number |
|---|---|
| Barrick Resources (USA) Inc. & Subs<br>P.O. Box 29<br>Elko, NV.  89803 | 51-0258659 |

| Adjustments to Income - Increase (Decr) | Year: 12/1995 | Year: 12/1997 | Year: 12/1998 |
|---|---|---|---|
| CALC04   NOL Deduction Decrease <Increase> | -26,251,310 | -8,332,407 | 9,725,750 |
| CALC02   Contributions Deduction Decr <Incr> | 0 | 0 | 0 |
| CALC01   Capital Gain Net Income Incr <Decr> | 0 | 0 | 185,580 |
| FLK001   Reclamation Expense | 0 | 0 | 3,952,885 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Total Adjustments This Page | -26,251,310 | -8,332,407 | 13,864,215 |
| Income Adjustments Including Previous Page(s) | -26,251,310 | -8,332,407 | 13,864,215 |

Form CG-4549-B