IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| BARRICK RESOURCES (USA), INC., and SUBSIDIARIES,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | MEMORANDUM OPINION AND ORDER<br><br>Case No. 2:03-CV-01006<br><br>Judge Dee Benson |

Barrick Resources (USA) Inc. and Subsidiaries ("Barrick") and the United States have filed motions to amend or alter judgement pursuant to Fed. R. Civ. P. 59(e). Having considered both motions, the Court issues the following memorandum opinion and order.

## BACKGROUND

The Court has set forth the facts pertaining to this dispute in detail in its October 31, 2006 Memorandum Opinion and Order. Additional factors, however, pertain to the United States' motion to alter judgment.

On September 13, 2002, Barrick filed a refund claim seeking to carry back its 1997 and 1998 net operating losses to the 1991 and 1992 tax years. On December 4, 2002, Barrick received a check for $215,463 for its filing on September 13, 2002, composed of the following amounts: a $26,754 refund for its amended 1991 tax return and a $188,709 refund for its amended 1992 tax return. *See* U.S. Mem. in Opp. to Summ. Judg., at 3. On December 6, 2004, the United States filed an action in this Court to recover these amounts. On January 12, 2005, this Court ordered the United States' action to be consolidated with Barrick's previously filed action requesting refunds based on its 2002 and 2003 filings. On October 31, 2006, this Court ruled that Barrick's September 13, 2002, filing was not a proper amendment and that Barrick was

not entitled to the refunded amounts requested in its 2002 and 2003 filings.

## ANALYSIS

A motion to alter or amend judgment under Rule 59(e) may be used to seek reconsideration of a court order. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citations omitted). It "[i]s not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing" in a Rule 59(e) motion. *Id.* (citations omitted).

### I.     The United States' Motion to Alter or Amend Judgment

The Internal Revenue Code permits the United States to recover tax refunds paid in error. *See* I.R.C. 7405(b). In order for the United States to recover an allegedly erroneous refund, it must show: (1) a refund made to the taxpayer; (2) the amount of the refund; (3) the timely commencement of the § 7405(b) recovery action; and (4) no entitlement by the taxpayer to the refund that the United States seeks to recover. *See, e.g., U.S. v. Commercial Nat. Bank of Peoria*, 874 F.2d 1165, 1169 (7th Cir. 1989); *Johnson v. U.S.*, 228 F.Supp.2d 1218, 1221 (D. Colo. 2002), *aff'd*, 76 Fed. Appx. 873 (10th Cir. 2003). An erroneous refund suit must be commenced within two years after the making of such refund. *See* 26 U.S.C. § 6532(b). "When the last day prescribed under authority of the internal revenue laws for performing any act falls on Saturday, Sunday, or a legal holiday, the performance of such act shall be considered timely if it is performed on the next succeeding day which is not a Saturday, Sunday or a legal holiday." 26 U.S.C. § 7503.

The United States met the first two requirements by refunding $215,463 to Barrick on

2

December 4, 2002. The United States met the third requirement by filing its § 7405(b) recovery action on December 6, 2004. Although the two-year period expired on December 4, 2004, this date was a Saturday. Thus, under 26 U.S.C. § 7503, the statute of limitations could not expire before December 6, 2004, the date the United States commenced its action against Barrick. Finally, the United States is entitled to recovery based on this Court's October 31, 2006 memorandum opinion and order, which ruled that Barrick's 2002 filing was not a proper amendment. Because the United States has met each of the requirements, it is entitled to recover $215,463 plus statutory interest.

### II. Barrick's Motion to Alter or Amend Judgment

Despite the Tenth Circuit's admonition against revisiting issues already decided by the Court, Barrick has also moved this Court to Alter or Amend Judgment, claiming

> The Court erred in concluding that Barrick's 2002 amendment set forth a "new theory of recovery" because Barrick's reclamation loss was a component of its net operating loss. The Court's holding that a reclamation loss is something other than a net operating loss and therefore an "entirely new theory of recovery" was a clear error of law.

Barrick's Mem. in Supp. of Mot. to Alter or Amend Judg.

Barrick, however, has mischaracterized the Court's holding. "[W]here the facts upon which the amendment is based would necessarily have been ascertained by the commissioner in determining the merits of the original claim," the Tenth Circuit Court of Appeals has held that an untimely amendment is proper." *U.S. v. Ideal Basic Industries, Inc.*, 404 F.2d 122, 124 (10th Cir. 1969).[1] As this Court pointed out in some detail in its October 31, 2006 Memorandum Opinion and Order, Barrick did not set forth facts in its timely filed 2001 amendment from which

---

[1] See this Court's discussion of *U.S. v. Andrews*, 302 U.S. 517, 524 (1938) and *U.S. v. Ideal Basic Industries, Inc.*, 404 F.2d 122, 124 (10th Cir. 1969) in its October 31, 2006 Memorandum Opinion and Order at pages 4-6.

3

the tax commission would have necessarily ascertained the reclamation expense in question. *See* this Court's Memorandum Opinion and Order, October 31, 2006.

Rather than address the deficiencies of its filings with the IRS, Barrick simply reiterates its argument that the IRS was required to consider its reclamation losses because they are a component of the net operating loss. The internal revenue code, however, clearly distinguishes between net operating losses and reclamation losses for purposes of loss carrybacks. Net operating losses are carried back three years and reclamation losses are carried back ten. *See* 26 U.S.C. § 172(b)(1)(A) and (C) respectively. Barrick's argument that reclamation losses are simply a part of net operating loss would rob § 172 of any meaning, since § 172 clearly distinguishes between carrybacks for net operating losses and reclamation losses. Because Barrick has failed to set forth any clear error, its motion must fail.

## CONCLUSION

For these reasons, the Court GRANTS the United States' motion to amend or alter judgment in the amount of $215,463 plus statutory interest, and DENIES Barrick's motion to amend or alter judgment.

IT IS SO ORDERED.

DATED this 26th day of December 2006.

*/s/ Dee Benson*

Dee Benson
United States District Judge